White, J.
The amendment of the constitution by which ■the Commission was created, provides that the decisions of the Commission “ shall be , certified, entered, and enforced .as the judgments of the Supreme Court, and at the expiration of said Commission all business undisposed of shall be certified to the Supreme Court, and disposed of as if said Commission had never existed.” 74 Ohio L. 551.
By section 12, chapter 6 of the revised code (75 Ohio L. •675), power is conferred on this court to vacate or modify its judgments or orders, after the term at which such judgments or orders were made, for the causes specified in ■section 1 of the chapter; and, since the expiration of the Commission, we entertain no doubt that that this power extends to the judgments and orders of the Commission, as fully as to the judgments and orders of this court. If this •court is not invested with the power to vacate or modify the judgments and orders of the Commission, the power •does not exist.
But although the court has the power to make the modification, the case presented by the motion does not, in our •opinion, call for the exercise of the power.
*675 There was no finding of the facts by the court under section .280 of the code. 2 S. & C; 1026. Nor did the case come within section 4 of the act of April 12, 1858. 2 S. & C. 1155.
Independently of that act, judgments and final orders were reviewable on error, under the code, only on questions of law. House v. Elliott, 6 Ohio St. 497; Turner v. Turner, 17 Id. 450; Wilson v. Scott, 29 Id. 636.
Assuming, however, that the Commission, after reversing the judgment of the court below, might, upon the state of the record, have proceeded to render final judgment between the parties, yet they were not bound to do so. And if the showing which is now made to us had been made to them, that the bill of exceptions did not correctly present the facts of the case, and that to conclude the parties by it, might do injustice, it is to be presumed that they would have refused to render such final judgment, and would have remanded the cause, as was done, to the court below for further proceedings. The fact that the judgment as entered on the journal is different from what was intended by the Commission, or rather is different from what they would have entered if their attention had been called to its effect, does not require it to be modified. The judgment is shown to be such as ought, under the circumstances of the case, to have been rendered, and, hence, will not be disturbed.

Motion overruled.